PENDLETON, President,
delivered the resolution of the Court as follows:
This is an appeal from the High Court of Chancery, for the amount of a forthcoming bond, taken by the Sheriff on a writ of fieri facias, issued from that Court upon a decree for the payment of money. The appellant made no objection to the decree on the forthcoming bond in the Court of Chancery, although he appealed from it; nor has he attempted here, to shew any error in the record; and none is discovered by the Court. Therefore, the decree is affirmed. But a question occurs, whether the legal damages ought not to be awarded, in consequence of the affirmance, as is done pn common law judgments *upon such bonds taken upon common law executions? It cannot.be doubted,
but there is the same reason for giving damages on this appeal and in all appeals from decrees for payment of money, as on one from a judgment at law of the same sort; but in general, the act permitting appeals in Chancery does not authorise the awarding damages, as it does in common law cases, probably, because Chancery causes generally depend upon complex and difficult questions, the principles of which ought to be settled by the Supreme Court; and, therefore, appeals in those seldom practised, merely for delay, are not discouraged: this, or some such reason, occasioned the distinction, and not because Chancery Courts do not decree penalties; for, I do not consider these damages as a penalty, but as a retribution for the extraordinary expense and trouble of the party in defending the appeal, not allowed in the bill of costs. Although the law does not allow damages in Chancery cases in general, yet there are no negative words in the act to restrain them, but it leaves them open for allowance in particular cases au-thorised by the Legislature: and such a case X take the present to be. By the execution law of 1793, $ 53; [$ 55, c. 134, R. C. ed. 1819,] parties are allowed to sue out common law executions upon decrees in Chancery, and of course a fieri facias, upon a decree for money in the present case: which execution the law declares shall be executed and returned, and have the same operation and force, to all intents and purposes, as similar process at common law. The law has not limited the operation, nor drawn the line where it is to stop. The Court cannot draw that line, but is of opinion the operation must continue throughout, till the money is paid; and award the damages as part of that operation.